**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carlton Elsworth HENRY,
Defendant—Appellant.**

No. 05–6839.

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 27, 2005.

Decided Oct. 3, 2005.

Carlton Elsworth Henry, Appellant pro se. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

Carlton Elsworth Henry, a federal prisoner, seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2255 (2000) motion as successive.* An appeal may not be tak-

en from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Henry has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

* Henry filed a "motion for review of sentence imposed in violation of law," which the district court construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.